(C. D. 684)

ENRIQUE DAVILA *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September. 10, 1942)

*Neel & King* (*Nat B. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: In. this suit against the United States certain Mexican earthenware and manufactures of iron were imported at the port of Laredo, Tex., and entered on a *pro forma* invoice at a value slightly more than $100. No consular invoice accompanied the importation and on the demand of the collector a bond was given for the production thereof under the terms of section 623 of the Tariff Act of 1930 and article 1270 of the Customs Regulations of 1937, which were in force at the time of importation, December, 1937, prior to the amendments made by the Customs Administrative Act of 1938. ' We set forth section 623 and article 1270, for purposes of convenience.

SEC. 623. SECURITY.

(a) BONDS.—In any case in which bond or other security is not specifically required by law, the Secretary of the Treasury may by regulations require, or authorize collectors of customs to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue and to assure compliance with the customs laws and regulations. Except as otherwise specifically provided by law, whenever a bond is required by law or regulations, the Secretary of the Treasury may by regulations prescribe the conditions and form of such bond, provide for the approval of the sureties thereon (without regard to any general provision of law), fix the amount or penalty thereof, whether for the payment of liquidated damages or of a penal sum, and authorize the cancellation of any such bond, in the event of a breach of any condition thereof, upon the payment of such lesser amount as he may deem sufficient. No condition in any such

bond shall be held invalid on the ground that such condition is not specified in the law authorizing or requiring the taking of such bond. Whenever a bond is required by the customs laws or regulations, the Secretary of the Treasury may authorize the execution of a single bond the conditions of which shall extend to and cover similar cases or importations over a period of time, not to exceed one year, or such longer period as the Secretary of the Treasury may fix to meet the circumstances of any particular case.

(b) DEPOSITS IN LIEU OF BONDS.—The Secretary of the Treasury is authorized to permit the deposit of money or obligations of the United States, in such amount and upon such conditions as he may by regulations prescribe, in lieu of any bond required by the provisions of the customs laws, or by regulations promulgated thereunder.

Art. 1270. Nonproduction of documents—Failure to redeliver packages—Penalties and deposit of.—(a) Collectors of customs, in treating bonds for the production of missing documents as satisfied, will demand and collect a sum of $10 for each missing declaration of the consignee or other document, *except* shipper's export declarations and *consular invoices*, not produced within the time prescribed by the regulations, or any lawful extension thereof. A like amount shall be collected for each required consular invoice which is not produced on the date of entry or within 6 months thereafter, provided the person making entry submits an application under oath for relief from the full penalty of the bond, explaining in detail why the consular invoice cannot be produced, and the collector of customs is satisfied by such application, or otherwise, that the failure to produce the missing invoice is due to causes wholly beyond the control of the person making entry, and is not due to any purpose of the foreign seller or shipper to withhold information required by law, regulation, or special instruction to be shown on the invoice. [Italics supplied.]

\* \* \* \* \* \* \*

The consular invoice was never produced, whereupon the collector proceeded to impose a penalty for breach of the bond, in the amount, as appears from the papers, of $170.13. Just how the collector arrived at that amount is not made plain, nor is it material, in the view we take of the case.

The sole claim in the pleadings is that the collector should not have exacted more than ten dollars for the failure to produce a consular invoice at the expiration of the time named in the bond. In other words, the sole issue sought to be raised by this protest is the correctness of the amount fixed by the collector as liquidated damages for the failure of the obligor to discharge the obligation he assumed in the bond.

The above recital of facts is sufficient to show that the plaintiff's claim is untenable and that it might properly be dismissed. Obviously it does not state any of the grounds of objection set forth in the organic act under which we exercise jurisdiction, viz, sections 514, 515, and 518 of the Tariff Act of 1930. We gather from the record that the entry has not yet been liquidated.

It is noted that the record does not include any report from the collector and also that no explanation of the collector's reasons for his action was offered by way of testimony. Much testimony was

introduced on behalf of the importer, the plaintiff herein, to show why he was unable to produce a consular invoice. This testimony, in the opinion of the court, is wholly immaterial.

At the close of the hearing the attorney for the Government made a motion in the following form:

The Government moves to dismiss the protest, and respectfully asks the court to take under advisement the protest under Section 514, of the Tariff Act of 1930, in view of the fact that it is not a protest against the collector's decisions as prescribed in that section.

The case of *United States* v. *Frank F. Smith & Co.*, 25 C. C. P. A. (Customs) 163, T. D. 49267, is conclusive against the contention of the plaintiff. In that case, as in this, the complaint of the importer was that the penalty exacted by the collector under the terms of the bond given by the importer for the production of a consular invoice was "unjust and unfair," which is precisely the grievance alleged herein. The court there, speaking through Graham, P. J., said:

'Whether the penalty was unjust or just is not a matter for our consideration. That is a legislative matter. The law-making body has authorized the Secretary of the Treasury and the collectors of customs to take these bonds, to require the giving of the same, and to authorize the cancellation of the same in the event of a breach of any condition thereof, upon the payment of such lesser amount as he may deem sufficient. We can see no good reason why the administration of these matters should not be within the control of the administrative officers within the limits fixed by the legislative authority. Nor do we know any reason why, nor have any authorities been cited to the effect that, within the legislative limits, these powers may not be exercised properly by administrative officers. *Thomas & Pierson, Inc.* v. *United States*, 25 C. C. P. A. (Customs) 56, T. D. 49042.

In the *Smith* case, *supra*, the court referred to the collection of the amount as an exaction and held that the protest should have been overruled. Assuming that it is proper to call a sum paid in pursuance of an agreement, such as a bond, an exaction, then it is an exaction for which section 623, *supra*, gives specific directions. In the case before us we think the better practice is to dismiss the case, and we so hold.

Judgment will be rendered accordingly.